ENOS R. EDMONDS, RESPONDENT, *v.* BENJAMIN ABEEL, APPELLANT.

*Ferry — rates of ferriage, how established — when the lessee of a ferry cannot dispute the rates established by his lease — What payments are not voluntary ones — Liability of an agent collecting illegal rates of ferriage from passengers.*

From 1818 to 1873, a ferry had been maintained across the Hudson river at the city of Hudson, the said city having under its charter the power to establish and regulate ferries at that point. The customary rate of ferriage for a foot passenger, was six cents. In 1873 a law was passed, authorizing the ferriage to be increased to not more than ten cents. In 1875 this law was repealed. In 1872, the city of Hudson, under a power conferred by its charter, leased the ferry to one Powers, he agreeing not to charge or receive any greater rates of ferriage than those established by the city of Hudson and contained in a schedule annexed to the lease, in which the rate for a foot passenger was fixed at six cents.

*Held,* that after the repeal of the act of 1873 by that of 1875, the lawful rate of ferriage was six cents.

That Powers could not deny the authority of the city of Hudson to establish rates of ferriage, when the lease which he had accepted and under

which he claimed recognized its right so to do, and specified, fixed and determined the same.

The plaintiff when crossing the ferry tendered to the defendant, who was collecting tolls on the boat for the lessee, on one occasion a ten cent piece, and on another a twenty-five cent piece, demanding in each instance, that all in excess of six cents should be returned to him, and protesting against more than that amount being retained for ferriage. In each instance the defendant retained ten cents out of the money given to him by the plaintiff.

In an action by the plaintiff to recover the excess so retained, *held*, that the payments were not voluntary ones, and that the action could be maintained.

That the defendant was liable to refund such excess, though he received it as the agent for the lessee and had paid the same over to him.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action in the County Court of Greene county, without a jury.

The action was originally commenced in a justices' court, where the plaintiff had a verdict. The defendant then appealed to the County Court of Greene county for a new trial.

The action was brought to recover excessive and illegal charges for ferriage, demanded and received of the plaintiff while crossing the Hudson river on the ferry between Athens and Hudson. The plaintiff recovered a judgment in the justices' court for twenty cents damages, besides costs, and on the re-trial in the county court again obtained a judgment for the same amount.

The ferry was leased in 1872 by the city of Hudson to George H. Power. The city of Hudson has, by its charter, the right to establish, license and regulate the ferries and to do all acts and things which, in their judgment, shall be conducive to the public interests in the premises, and to lease the said privileges and rights of ferriage to any person or persons for a term not exceeding ten years. The lease provides, among other things, that the lessee shall not, "at any time during the term of said lease, charge or receive any greater rates of ferriage than those now established by the city of Hudson and the village of Athens, charged upon said ferry and contained in the schedule hereto annexed." The schedule fixed the rate for foot passengers at six cents. The defendant is the agent of George H. Power and the collector of fares on this ferry, and has been since 1876. It was proved that the rate of fare upon this ferry for sixty years past was six cents. From

1873 to 1875 defendant collected ten cents fare under a law of the Legislature, which was repealed in 1875. Since 1875 the lessee has attempted to collect ten cents for fare, but his right to do so has been disputed and resisted.

Between the 4th and 20th of June, 1877, the plaintiff made five passages upon this ferry and the defendant collected ten cents on each passage. Plaintiff handed defendant either a ten or twenty-five cent piece on each occasion and demanded all but six cents back, which defendant refused to give, but kept ten cents for ferriage. Plaintiff protested against paying more than six cents for fare.

*Newkirk & Chace*, for the appellant. The facts stated in the complaint do not constitute a cause of action, there being no mistake, duress or fraud alleged, the payment was in law a voluntary payment. (*Flower* v. *Lance*, 59 N. Y., 603; *Fleetwood* v. *City of N. Y.*, 2 Sandf., 475; *Forrest* v. *Mayor of N. Y.*, 13 Abb., 350; *Bailey* v. *Buell, etc.*, 50 N. Y., 662; *Doll* v. *Earle, etc.*, 59 id., 638; *S. C.*, 65 Barb., 298; *Union Bank* v. *City of N. Y.*, 51 id., 159; *Gibson* v. *Bingham*, 5 Am., 289.)

*John Sanderson*, for the respondent. A common carrier who demands and receives from a passenger while traveling upon his vehicle more than the lawful rate of fare is liable to an action for the recovery of the excess, and if a penalty is annexed for the recovery of the penalty also. (*Fisher* v. *N. Y. C. and H. R. R. R. Co.*, 46 N. Y., 644, 656, 657; *Lewis* v. *N. Y. C. R. R. Co.*, 49 Barb., 330; 1 Redf. Law Rail. [4th ed.], 445, 446; Chit. on Con., 192 [m. p.]; *Porter* v. *N. Y. C. R. R.*, 34 Barb., 353; 2 Bish. Cr. L., § 380; 1 Russ Cr. [Greenl. ed.], 143; 2 Archb. Cr. L., Pr. and P., 1369; Pomeroy's Notes; *Rex* v. *Burdette*, 1 Ld. Raym., 149; *Rex* v. *Roberts*, 4 Mod., 101; *Hearsey* v. *Pruyn*, 7 Johns., 179; *Griffen* v. *House*, 18 id., 397; *People* v. *Kingston and Middletown T. R. Co.*, 23 Wend., 220; *Harmony* v. *Bingham*, 2 Kern., 99; *Moses* v. *Macfarland*, 2 Burr, 1009.) The lease recites that these rates had been established by the city of Hudson, and this recital effectually binds the lessee and his privies. (5 Cow., 537, 540, 541; *Lewis* v. *N. Y. C. R. R. Co.*,

49 Barb., 330; *Finnie* v. *Glasgow and S. W. R. R. Co.*, 3 Macq. Scotch [A. C.], 75; *Weet* v. *Trustees of Village of Brockport*, cited in a note, 16 N. Y., 161, 163.) An agent is responsible to third parties for money which he has obtained from them through fraud, duress, extortion or undue advantage taken of a person's situation. (*Hearsey* v. *Pruyn*, 7 Johns., 179; *Griffen* v. *House*, 18 id., 397; *Ripley* v. *Gelston*, 9 id., 201; *Frye* v. *Lockwood*, 4 Cow., 454; *Parker* v. *Bristol and Exeter R. R. Co.;* 6 Exch. R., 702; *Fearnley* v. *Morely*, 5 B. & C., 25; *Ashmole* v. *Wainright*, 2 A. & E., 837; *Snowden* v. *Davis*, 1 Taunt., 359.)

LEARNED, P. J. :

The payments were not voluntary. The plaintiff did not intend to pay more than six cents. When he handed a ten cent piece or a twenty-five cent piece to the defendant, it was in order that he might receive the change back ; and his intention was so expressed. That the defendant had informed him that he should keep all but ten cents did not make the payment voluntary. If, for the purpose of paying six cents, the plaintiff had handed the defendant a dollar bill, and the defendant had informed him that if he did so he should keep the whole, that would not make a voluntary payment of the dollar. The plaintiff was bound to pay the ferriage. If, for the purpose of so doing, he handed to the defendant more than the proper amount, asking for the return of the change, there could be no voluntary payment except to the extent that he expressed his desire to pay. (*Hearsey* v. *Pruyn*, 7 Johns., 179.) For, as is said by the plaintiff's counsel, the taking of more than the legal rate of ferriage is in the nature of extortion, or like the taking of illegal fees by public officers, because the defendant was conducting a public franchise. The plaintiff had a right to cross, on paying the legal toll. To take more than that, against the plaintiff's will, must make the party who takes the money liable to refund. The plaintiff did not intend to pay more than six cents. If more was retained, the retention was against his will. He did not *pay* the ten, or the twenty-five cents ; he only handed such a piece of coin to the defendant, in order to pay six cents therefrom.

The defendant was liable, even though he was only the collector

and the agent of Powers. (*Griffin* v. *House*, 18 Johns., 397; *Ripley* v. *Gilston*, 9 id., 201). *Hearsey* v. *Pruyn* (7 id., 179), was an action against a toll-gatherer of a bridge for taking excessive toll. The plaintiff, when he paid, called on a witness, in the presence of the defendant, to take notice that he was overcharged. The court held that this was enough to put the defendant on his guard, and they sustained the action against the toll-gatherer. In the present case the plaintiff did not pay voluntarily, and the defendant retained the money against the plaintiff's will. The defendant cannot, therefore, escape liability, even though he has paid over the money to Powers which he unlawfully retained from the plaintiff.

The defendant, however, insists that ten cents is the legal rate of ferriage. It was proved that from 1818 down to 1873 the customary rate of ferriage had been six cents. By chapter 519, Laws of 1873, authority was given to increase the ferriage to not more than ten cents. From that time the ferriage was raised to ten cents. By chapter 92 of the Laws of 1875, the Law of 1873 was repealed. Thereupon the lawful ferriage would again be six cents, unless some authority should be shown to increase it. It would seem that, by sundry charters, to which it is not necessary to refer, the city of Hudson has had the power to establish and regulate ferries at this point. Whether such power is exclusive is a question which it is not necessary here to decide. The city has also the power to lease the ferry, under such charters, as it appears. In 1872 the city leased the ferry to Powers on an agreement, among other things contained in the lease, that he would not charge or receive any greater rate of ferriage " than those now established by the city of Hudson and village of Athens, charged upon said ferry and contained in the schedule hereto annexed." In that schedule the rate for a foot passenger is six cents ; and under that lease the defendant, as collector for Powers, took this ferriage.

The defendant insists that the city of Hudson could not establish rates of toll by a contract. Whether it can or not, it is enough to say that the contract recognizes these rates as established, which must mean, as to Powers, lawfully established. It does not lie with Powers to deny that they had been established,

when his lease acknowledges the fact. And the defendant claimed to act for Powers. Both, therefore, by the proof of the customary rate of ferriage for fifty years, and by the lease of Powers, it appears that the defendant had no right to collect more than six cents.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.